**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Darren Keith Belt, Appellant.

Appellate Case No. 2015-002350

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-150
Submitted March 1, 2017 – Filed April 5, 2017

———————

**AFFIRMED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susan Ranee Saunders, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Robinson v. State*, 407 S.C. 169, 180-81, 754 S.E.2d 862, 868 (2014) ("On appeal from a motion to suppress on Fourth Amendment grounds, this [c]ourt

applies a deferential standard of review and will reverse only if there is clear error."); *State v. Brockman*, 339 S.C. 57, 66, 528 S.E.2d 661, 666 (2000) ("[W]e will review the trial court's [Fourth Amendment] ruling like any other factual finding and reverse if there is clear error.  We will affirm if there is *any evidence* to support the ruling." (emphasis added)); *Robinson*, 407 S.C. at 182, 754 S.E.2d at 868 ("[L]ooking at the totality of the circumstances, reasonable suspicion requires there be an objective, specific basis for suspecting the person stopped of criminal activity."); *id.* at 182, 754 S.E.2d at 869 ("The police officer may make reasonable inferences regarding the criminality of a situation in light of his experience, but he must be able to point to articulable facts that, in conjunction with his inferences, 'reasonably warrant' the intrusion." (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968))); *id.* ("If, during the stop of the vehicle, the officer's suspicions are confirmed or further aroused—even if for a different reason than he initiated the stop—the stop may be prolonged, and the scope of the detention enlarged as circumstances require.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.